UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE JOBSON,<br><br>             Plaintiff,<br><br>        v.<br><br>ROBERT J. DESCHENE, et al.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)   **Civil Action No.**<br>)   **22-10756-FDS**<br>)<br>)<br>)<br>)<br>) |

# ORDER

**SAYLOR, C.J.**

On May 16, 2022, Jose Jobson, who is confined at the Souza-Baranowski Correctional Center ("SBCC"), filed a complaint under 42 U.S.C. § 1983, alleging that two correctional officers at SBCC violated his rights under the Eighth Amendment when they used excessive force against him. Jobson, who is proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* and a motion for the appointment of counsel.

Upon review of the complaint and motions, the Court hereby orders, as follows:

1.      The motion for leave to proceed *in forma pauperis* is GRANTED. Plaintiff is not required the $52 administrative filing fee. He may proceed without prepayment of the $350 statutory filing fee, but he must still pay said fee over time. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assess an initial partial filing fee of $59.97. The remainder of the $350 fee, $290.03, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The clerk shall send a copy of this order to the treasurer of the institution having custody of Jobson.

2.      The clerk shall issue summonses for the defendants.  Plaintiff shall serve each defendant with a summons, the complaint, and this order in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3.      Because plaintiff is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  *See* 28 U.S.C. § 1915(d).  If requested by plaintiff, the USMS shall serve the summonses, complaint, and this order as directed by plaintiff.  Plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.  *See Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008).  The clerk shall provide plaintiff with forms and instructions for service by the USMS.

4.      Plaintiff shall have 90 days from the date of the issuance of the summonses to complete service.  Failure to comply with this deadline may result in dismissal of the case without prior notice to plaintiff.  *See* Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

Service is completed when a defendant receives the summons and complaint in accordance with Fed. R. Civ. P. 4, not when the USMS (or other person effecting service) receives the papers to be served on a defendant.  Plaintiff must provide papers for service to the USMS (or other person effecting service) well before the 90-day service deadline to ensure that service will be completed in a timely matter.  If plaintiff needs additional time to complete service, he shall file a motion for an extension of time to complete service in which he "shows good cause" for such relief.  Fed. R. Civ. P. 4(m).[1]

---

[1] "Good cause" for failure to complete service in a timely fashion may include, but is not limited to, circumstances where, through no fault of plaintiff, the USMS has not effectuated service prior to 90-day deadline. See Laurence, 551 F.3d at 94.

5. The motion for appointment of counsel is denied without prejudice to its renewal after the defendants have been served with and responded to the complaint.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: August 1, 2022