**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **JOSE JOBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **22-10756-FDS** |
| **ROBERT J. DESCHENE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

On May 16, 2022, Jose Jobson, who at the relevant time was confined at the Souza-Baranowski Correctional Center ("SBCC"), filed a complaint under 42 U.S.C. § 1983 alleging that several correctional officers at SBCC violated his rights under the Eighth Amendment when they used excessive force against him in January 2020. He amended his complaint in August 2023 to name an additional defendant and add new factual allegations, as well as state-law tort claims.

In brief, the amended complaint alleges that on January 10, 2020, four correctional officers entered plaintiff's cell. (Am. Compl. ¶ 7, Dkt. No. 14). The complaint alleges that defendant Madden punched him, and he was then "forcefully and violently removed from his cell." (*Id.* ¶¶ 9, 13). It further alleges that he was escorted to the visiting room, placed on his knees while in handcuffs and leg restraints, and not permitted to move for roughly an hour. (*Id.* ¶¶ 16-19). He was then allegedly strip searched in the visiting room, in view of several female staff members. (*Id.* ¶¶ 22-28). Over the next several hours, he was allegedly kept in leg restraints in a hallway; at some point, defendant Deschene allegedly stepped on his ankle

restraints, causing him additional pain. (*Id.* ¶¶ 31-44). Plaintiff was returned to his cell roughly three and a half hours after he was first extracted. (*Id.* ¶ 45).

The defendants have moved to dismiss the amended complaint on the ground that it is barred by a settlement agreement reached in a class action in which plaintiff was a class member. The Court agrees.

That prior case, *Diggs v. Mici*, No. 22-cv-40003 (D. Mass. Oct. 24, 2025), was litigated before another session of this court. It arose from allegations that "following an assault on several correction officers" at SBCC, employees at SBCC "engaged in a campaign of unconstitutional retaliatory violence during which approximately 150 prisoners were subject to excessive force amounting to cruel and unusual punishment under the Eighth Amendment" between January 10 and February 6, 2020. (Settlement Agreement ¶ 3, Dkt. No. 46-2). On September 30, 2024, the *Diggs* court certified a class of "all individuals incarcerated at Souza-Baranowski Correctional Center who were subjected to uses of force from January 10, 2020, to February 6, 2020." *Diggs v. Mici*, 2024 WL 4425654, at *1 (D. Mass. Sep. 30, 2024). On October 24, 2025, the court approved a class settlement in the case. *Diggs v. Mici*, No. 22-cv-40003, Dkt. No. 134 (D. Mass. Oct. 24, 2025). The settlement agreement included a release providing that class members would

> release . . . any and all present and former officials, officers, and employees of the Massachusetts Executive Office of Public Safety and Security (EOPSS) and the Massachusetts Department of Correction (DOC) . . . from any and all . . . suits . . . from the beginning of the World to and including the date of this Settlement Agreement, by reason of any case, matter or thing whatsoever which was or could have been asserted in the Action, including but not limited to any claims of excessive force, retaliation, constitutional violations including but not limited to Eighth and Fourteenth Amendment violations, failure to intervene, intentional infliction of emotional distress, federal conspiracy claims, and Massachusetts Civil Rights Act violations, arising from or in any way related to

the facts alleged in the Complaint, and any alleged physical and emotional injuries resulting therefrom . . . .

(Settlement Agreement ¶ 59).

It is axiomatic that "a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 379 (1996) (quoting *Cooper v. Federal Rsrv. Bank*, 467 U.S. 867, 874 (1984)).  Plaintiff falls within the *Diggs* class:  according to the complaint, he was incarcerated at SBCC and was subject to the use of force on January 10, 2020.  (Am. Compl. ¶¶ 4, 6).  As a result, he is bound by the terms of the *Diggs* settlement, which became a final judgment after it was approved by the court.  6 WILLIAM B. RUBENSTEIN, NEWBERG & RUBENSTEIN ON CLASS ACTIONS § 18:15 (6th ed. 2026) ("The process by which a class action settlement is approved has the effect of turning the private settlement into a judicial ruling, a judgment.").

Accordingly, the amended complaint fails to state a claim on which relief can be granted. It involves claims of "claims of excessive force," "constitutional violations," and state-law claims that arise from the same incidents.  Its claims therefore fall within the scope of the release in the *Diggs* settlement, and the amended complaint falls to state a claim as a result.  *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 36 (1st Cir. 2001) (recognizing that claim that had previously been released was properly dismissed under Rule 12(b)(6)).

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 12, 2026                    United States District Judge

3